UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,   Case No. 3:19cr750

      Plaintiffs

  v.   ORDER

Eric Inmon,

      Defendants

This matter comes before me for determination of what amount of restitution, if any, ought to be imposed for payment by Defendant Eric Inmon. I deliberately deferred determination on this issue at Mr. Inmon's sentencing and ordered the government and defense to file memoranda setting forth any arguments for and against imposition of restitution, and in what amounts.

By way of history, on December 20, 2020, I sentenced Mr. Inmon after his earlier plea of guilty to one count of Possession with Access and Intent to View Child Pornography in violation of 18 U.S.C. § 2252(a)(4) and (b)(2). In addition to a period of incarceration to be followed by a period of supervised release, I ordered Mr. Inmon to pay a mandatory $5,000 fine in accordance with the Justice for Victims of Trafficking Act (JVTA). The government also requested I impose restitution in the case. I declined to do so at the time and agreed to give the parties time to brief the issue.

The government filed its memorandum (Doc. No. 26), and Mr. Inmon his opposition (Doc. No. 27). The government argues I ought to impose restitution for six identified victims in an amount of at least $3,000 each, plus an additional $17,000 special assessment as authorized by statute and the United States Sentencing Guidelines. The matter is now decisional with me.

The government correctly identifies six victims listed in paragraphs 24 through 29 of the Presentence Report (Doc. No. 22), who have specifically requested restitution and have provided documentation and expense information in support of their requests. The government requests that I order at least the minimum of $3,000 per victim as restitution as mandated by 18 U.S.C. §2259(b)(2), for a total of $18,000, as well as a special assessment of $17,000. The Defendant opposes both requests.

In opposing the government's request for assessment for the six identified victims, Mr. Inmon argues there is not sufficient specificity nor a sufficient nexus offered in support of the victims requests from Mr. Inmon, and relies upon an argument that "proximate cause forecloses liability in situations where the causal link between conduct and result is so attenuated that the so-called consequence is more akin to mere fortuity," referencing Paroline v. United States, 572 U.S. 434, 438 (2014).

While Mr. Inmon is correct on the need for such connection, I find it exists here. There is ample evidence in the record to support the requests for each of the victims. All have provided evidence of the adverse impact they have suffered from their victimization, and the haunting re-victimization they endure whenever someone, like Mr. Inmon, is caught viewing these offense and unlawful images. In addition, all six have provided documentation and itemization of costs for treatment, potential lost wages, and other costs incurred and likely to be incurred in the future which are appropriate for restitution because of direct association with their victimization, and specifically by Mr. Inmon.

The correct amount to impose, however, is somewhat challenging. As Mr. Inmon has correctly argued, his involvement was essentially that of a "down-stream consumer" of the child pornography images and did not make them available for distribution. As these serious matters go, his involvement and culpability for purposes of restitution is less than most. Accordingly, I

conclude $3,000 in restitution per victim – the minimum under the statute – is appropriate in his case, and order he pay restitution of $3,000 to each of the victims identified in paragraphs 24 through 29 of the PSR, for a total amount of restitution of $18,000, which is due and payable immediately.

As for the government's request for an additional special assessment of $17,000, no specific evidence or argument is offered in support of this amount, other than the defendant's seeming ability to pay. I decline to impose a special assessment in that amount, but instead order him to pay $500 as a special assessment.

In summary, by way of financial special assessment and restitution, Mr. Inmon is ordered to pay the $5,000 JVTA assessment as previously ordered, a special assessment of $500, as well as restitution in the amount of $18,000. The defendant shall pay restitution, the special assessment, and the JVTA assessment to and through the Clerk of the U.S. District Court. Restitution is due and payable immediately. Should the defendant not be able to pay restitution immediately, he shall pay 25% of his gross income per month, through the Federal Bureau of Prisons Inmate Financial Responsibility Program.

If a restitution, special assessment, or JVTA balance remains upon release from imprisonment, payment is to commence no later than 60 days following release from imprisonment to a term of supervised release and shall be paid at a minimum rate of 10% of the defendant's gross monthly income during the term of supervised release and thereafter as prescribed by law. Notwithstanding establishment of a payment schedule, nothing shall prohibit the United States from executing or levying upon property of the defendant discovered before and after the date of this Judgment. I waive imposition of any interest in this case.

The defendant shall apply all monies received from income tax refunds, lottery winnings, judgments, and/or any other anticipated or unexpected financial gains to the outstanding court-ordered financial obligation.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge